(C.D. 4785)

ELSE SCHMELZER DBA STAUFEN STUDIO *v.* UNITED STATES

Court No. 78-11-01955

(Dated January 31, 1979)

*Else Schmelzer,* plaintiff *pro se.*

*Barbara Allen Babcock,* Assistant Attorney General (*Robert H. White,* trial attorney), for the defendant.

RICHARDSON, Judge: The defendant moves to dismiss this action on the ground that the court lacks jurisdiction of the subject matter.

The action contests denial of protests challenging the liquidation of six (6) entries of merchandise, described as, among other things, arts of wood or wooden wares, on July 15, 1977, under TSUS items 207.00 and 725.50 at the duty rate of 8 per centum ad valorem without allowing a claimed 15 percent wholesale discount.

The protests were denied on May 3, 1978. And on November 3, 1978, or 184 days after denial of the protests, a summons embracing the protests was filed with the court. The record discloses that plaintiff mailed the original and copies of the summons to the office of defendant's attorney on October 30, 1978, or 180 days after denial of the protests, that the summons was received by counsel on November 2, 1978, and forwarded by counsel to the clerk of this court on November 3, 1978, the date of the filing of the summons, and that a letter was sent to plaintiff by counsel on the same date advising plaintiff of the forwarding of the summons to the court.

The foregoing constitutes the factual basis underlying the instant motion in which defendant contends that under 28 U.S.C.A. 2631 an action contesting denial of a protest is required to be filed within 180 days of the denial of the protest, and that in this case the summons was filed with the clerk of this court on the 184th day following denial of the protests. Plaintiff responds by asserting that the summons was mailed on the 180th day following denial of the protests in accordance with rule 3.2(b) of the rules of this court.

Rule 3.2(b) which regulates the manner in which a summons is required to be filed in the Customs Court provides:

> For purposes of commencement of an action a summons sent by registered or certified mail *properly addressed to the clerk of the court at One Federal Plaza, New York, New York 10007*, with the proper postage affixed and return receipt requested, shall be deemed filed as of the date of postmark [italic added].

Since the summons was not addressed to the clerk of the court as provided for in the rule, it cannot be said that the summons was filed in accordance with rule 3.2(b) so as to be deemed filed as of the date of the postmark, and the court so finds. And inasmuch as the summons was actually received and filed on November 3, 1978, which is 184 days after denial of the protests, the action was commenced too late, in consequence of which, the court lacks jurisdiction of the action.

The defendant's motion to dismiss for lack of jurisdiction is, therefore, granted.